# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO: 2:25−cr−00434−JLS |
|---|---|
| Plaintiff, | |
| v. | ORDER RE CRIMINAL PROCEEDINGS |
| ARA ARTUNI | |
| Defendant(s). | |

The above matter is set for trial before the Honorable Josephine L. Staton, United States District Judge, Courtroom 8A, First Street Courthouse, 350 West 1st Street, Los Angeles, California. Counsel shall comply with this Order. Failure to comply with this Order may subject counsel to sanctions.

Judge Staton's Procedures web page is incorporated in this Order. The parties and counsel are ORDERED to review and comply with the Court's applicable procedures and notices, which may be accessed at:

http://www.cacd.uscourts.gov/honorable-josephine-l-staton

In Local Criminal Rule 57-1, the Local Civil Rules are made "applicable directly or by analogy."

**MOTION PRACTICE**

1. **Conference of counsel.** No fewer than three days prior to the filing of any criminal motion, counsel must confer to determine whether the parties are in agreement regarding the issue(s) to be presented to the Court, and to determine if the scope of issue(s) to be presented to the Court can be narrowed. In the notice of motion, the moving party shall report to the Court that counsel conferred regarding the substance of the motion.

2. **Limitations on Briefing.** Limitations on the length of briefs are specified in Local Civil Rule 11-6.1. A certification of compliance is required as set forth in Local Rule 11-6.2. In addition, because reply briefs should by their nature be shorter than motion and opposition briefs, the Court imposes an additional limitation on reply briefs, limiting those to 4,200 words rather than 7,000 words. Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations. No supplemental briefs may be filed without prior leave of court.

3. **Hearing Time Estimates Required.** For all motions, counsel's estimate of the time required for presentation of the motion must be set forth adjacent to the caption. Opposition briefs shall also set forth a time estimate.

4. **Hearing Date(s) for Pretrial Criminal Motions.** Counsel are encouraged to file their pretrial motions as early as feasible. At the latest, all pretrial motions in criminal cases, including motions in limine, must be noticed for hearing at the pretrial status conference, which is set by the CRD for the Friday morning eleven (11) days in advance of trial. However, pretrial motions may be heard at an earlier date, and counsel are encouraged to file them at an earlier date. For all motions to be heard prior to the pretrial status conference, counsel shall contact the Courtroom Deputy Clerk ("CRD") in advance to clear a date and time for the hearing.

5. **Briefing Schedule for Pretrial Motions.** The briefing schedule shall

be that specified in Local Rules 6-1, 7-9, and 7-10, which require that motions be filed no fewer than twenty-eight (28) days in advance of the hearing, and that opposition and reply briefs be filed twenty-one (21) and fourteen (14) days in advance of the hearing, respectively.

6. **Discovery Motions.** Before filing any motion for discovery, a party shall consult with opposing counsel to ascertain whether the requested discovery will be provided. All discovery motions shall state with particularity what is requested, the basis for the request, whether the discovery has been requested from opposing counsel, and whether the discovery has been declined, in whole or in part. Motions made without prior consultation with opposing counsel or that fail to include the above information may be stricken.

## DISCOVERY AND NOTICE

7. **Duty to Produce and Disclose.** Counsel for the government and counsel for the defendant shall comply promptly with discovery and notice pursuant to Federal Rules of Criminal Procedure 12, 12.1, 12.2, 12.3, 15 and 16. Upon government counsel's discovery of any evidence within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), such evidence shall be produced forthwith to counsel for the defendant. Counsel for the government shall also disclose to counsel for the defendant the existence or non-existence of: (1) evidence obtained by electronic surveillance; and (2) testimony by a government informant.

Counsel for the defendant shall comply with the reciprocal discovery deadlines when the duty to do so has arisen. *See* Fed. R. Crim. P. 16(b).

Until such time as a Local Rule fixes another deadline, the parties may jointly propose by stipulation or may by *ex parte* application seek specific deadlines pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G)(ii) and (b)(1)(C)(ii), relating to the government's and defendant's expert disclosure requirements. In the absence of a Local Rule or case-specific deadline, the

government's deadline shall be six weeks in advance of trial, and the defendant's deadline shall be four weeks after the government's disclosure.

**TRIAL**

8. **Trial Schedule.** Trials will commence on Tuesday and continue on Wednesday and Thursday. If the trial is more than 3 days, it will continue Monday through Thursday until completed. Trial hours are from 9:00 a.m. to 12:00 p.m., and 1:30 p.m. to 4:30 p.m., with a 15-minute break during each session. All counsel shall arrive at the Courtroom at 8:30 a.m. on the first day of trial.

9. **Government's Witness List, Exhibit List, and Exhibits.**

No later than the first day of trial, Government counsel shall provide the CRD with the following:

    a.    Five copies of the government's witness list;

    b.    Five copies of the government's exhibit list;

    c.    Binders containing the government's original exhibits, separated by divider tabs containing exhibit numbers. Specifically, counsel must deliver two sets for the Court (one for the bench and one for the witness stand (which will be submitted to the jury after trial)), and a set for defense counsel.

Additionally, before each witness takes the stand, Government counsel shall provide the CRD with:

    d.    A separate binder for each witness that contains only those exhibits the government expects to use when examining each witness. Specifically, counsel must provide a copy for the witness, a copy for the Court, and a copy for defense counsel. The witness binders will not be provided to the jury.

10. **Defense Witness List and Exhibits.** Defense counsel need not deliver their exhibits to the CRD on the first day of trial; however, defense counsel is responsible for affixing completed exhibit tags to the original of each exhibit they intend to introduce during the trial, and for providing government counsel

with one copy and the CRD with two copies of each exhibit. Defense counsel must also prepare witness binders, described above. If defense counsel intends to call witnesses other than the defendant, five copies of defendant's witness list shall be provided to the CRD prior to the start of defendant's case.

11. **Exhibit Tags.**  All exhibits presented to the Court by either side shall have the Court's official exhibit tags attached to the lower right-hand corner of the first page of each exhibit. All exhibits longer than one page shall be internally paginated in the lower right-hand corner.

12. **Voir Dire.**  At least four (4) court days prior to trial, each counsel shall file and serve on opposing counsel any special questions requested to be put to prospective jurors by the Court during voir dire. Counsel will be given a brief period of time, usually approximately ten to fifteen minutes, to ask follow-up questions of the prospective jurors.

13. **Summary of the Indictment.**  In any case in which reading the entire indictment to the jury during voir dire would be inappropriate, at least four (4) court days prior to trial, the parties shall file a summary of the indictment that may be read by the Court in lieu of the indictment. The summary should be agreed upon by all parties. If the parties cannot agree on a summary of the indictment, they should advise the Court in a joint filing.

14. **Jury Instructions and Verdict Forms.**  In a jury trial, no later than one (1) week before trial, counsel shall submit JOINT jury instructions and a JOINT proposed verdict form (if a special verdict is desired). In order to prepare these joint documents, counsel shall meet and confer sufficiently in advance of the required submission date with the goal of agreeing upon instructions and a verdict form. The instructions should be submitted in the order in which the parties wish to have the instructions read. This order should reflect a single organized sequence agreed to by all of the parties.

The jury instructions shall be submitted as follows:

        a.     Agreed upon JOINT jury instructions;

        b.     Instructions propounded by the government to which the defendant(s) objects; and

        c.     Instructions propounded by defendant(s) to which the government objects.

Instructions upon which agreement cannot be reached should reflect the basic disagreements among the parties as to the law. Counsel shall include both general and substantive instructions. In addition, counsel must email all proposed instructions in Microsoft Word format to the Court at the following email address: JLS_Chambers@cacd.uscourts.gov.

Attribution and case citation for each instruction should be placed on pages following a proposed instruction. For disputed instructions, a party should note its objections to a proposed instruction and its reasons for putting forth its alternative on pages placed after its own alternative instruction.

**SENTENCING PROCEEDINGS**

15.     If a defendant is convicted, the sentencing proceedings will be conducted pursuant to Federal Rule of Criminal Procedure 32 and the Local Rules. If any party wishes to present material to the Court which has (a) not been previously filed with the Court or presented at trial, or (b) not been previously provided to the opposing party and the assigned United States Probation Officer, such party must file and serve the information or evidence no later than two (2) weeks before the scheduled sentencing hearing.

Notwithstanding the foregoing, a statement of each party's position concerning sentencing shall be filed and served no later than two (2) weeks before the sentencing hearing, and the proof of service shall reflect service on the assigned United States Probation Officer. Timely filing is important to enable the Probation Officer sufficient time to prepare and disclose any addendum to the

Probation Report that may be required in response to new information and/or evidence and/or a party's sentencing position. Failure to timely file and serve such information, evidence, or statement of position may result in such information not being considered by the Court in imposing defendant's sentence.

Absent leave of Court based upon a showing of good cause, the Court does not permit submission or playing of sentencing videos.

**IT IS SO ORDERED.**

Dated: June 13, 2025                      **JOSEPHINE L. STATON**
United States District Judge

Revised: September 12, 2023