TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
Jennifer L. Waier
Chief Assistant United States Attorney &
Chief, Criminal Division
LYNDSI ALLSOP (Cal. Bar No. 323485)
Assistant United States Attorney
Deputy Chief, Transnational Organized Crime Section
MATTHEW J. TAKO (Cal. Bar No. 307013)
Assistant United States Attorney
Transnational Organized Crime Section
ERIC L. MACKIE (Cal. Bar No. 367806)
Major Crimes Section
     1400/1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3165/0705/3289
     Facsimile: (213) 894-0141
     E-mail:    lyndsi.allsop@usdoj.gov
                matthew.tako@usdoj.gov
                eric.mackie@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-00434(B)-JLS |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| ARA ARTUNI, ET AL., | |
| Defendants. | **CURRENT TRIAL DATE:** August 4, 2026 |
| | **PROPOSED TRIAL DATE:** June 15, 2027 |
| | **CURRENT PRE-TRIAL CONFERENCE DATE:** July 24, 2026 |
| | **PROPOSED PRE-TRIAL CONFERENCE DATE:** June 4, 2027 |

Plaintiff United States of America, by and through its counsel of record, the Acting Attorney General for the United States of

America, the First Assistant United States Attorney for the Central District of California, and Assistant United States Attorneys Eric L. Mackie, Lyndsi Allsop, and Matthew J. Tako, and defendant ARA ARTUNI, also known as ("aka") "Ara Harutyunyan," aka "Aro," aka "Araboyi," aka "Arabo," aka "Santos," aka "Edmond" ("defendant ARTUNI"), by and through his counsel of record, Shaun Khojayan, defendant ALEX AGOPIAN, aka "Alik," ("defendant AGOPIAN"), by and through his counsel of record, Daniel A. Nardoni, defendant DAVIT HAZRYAN, aka "Davo," aka "Dav," aka "D," ("defendant HAZRYAN"), by and through his counsel of record, Craig A. Harbaugh, defendant VAHAGN STEPANYAN, aka "V," aka "Vee," aka "Vova Titov," aka "Juha Alver," aka "Vahan Stephanian," aka "Aso Balvanov," ("defendant STEPANYAN"), by and through his counsel of record, Jerry Kaplan[1], defendant ARVIN ALBERT KAZARYAN, aka "Artur," aka "Art," ("defendant KAZARYAN"), by and through his counsel of record Adam Matthew Koppekin, defendant AREG BEZIK, aka "Elvis Narek," formerly known as ("fka") "Narek Bezikian," ("defendant BEZIK"), by and through his counsel of record John D. Robertson, defendant CHRISTIAN SEDANO, aka "Bugsee," ("defendant SEDANO"), by and through his counsel of record Peter Johnson[2], defendant CARLOS ARMANDO OCHOA GRIMALDI, aka "Carlos Ochoa," aka "Spanky" ("defendant GRIMALDI"), by and through his attorney of record Humberto Diaz, defendant EDIR DE LA CRUZ, aka "Temper"

---

[1] Counsel for defendants STEPANYAN and BEZIK have indicated that their clients intend to join the request for a continuance but have not yet returned executed signature pages; declarations of counsel are submitted in lieu of fully executed signature pages, which counsel anticipate filing soon.

[2] Defendant SEDANO's counsel, Peter Johnson, does not yet know whether defendant SEDANO will join the stipulation and temporarily includes a declaration in lieu of a signature page; in any event, Mr. Johnson requests the continuance as appropriate based on his independent review of the case and the circumstances.

("defendant DE LA CRUZ"), by and through his attorney of record Andrew S. Cowan, defendant MARIA DE JESUS MARES, aka "Maria de Jesus Marez," aka "Mari," aka "Mary Oceans," ("defendant MARES"), by and through her counsel of record Andre Townsend, and defendant JOSE DE JESUS GONZALEZ, JR., aka "Listo," ("defendant GONZALEZ, JR."), by and through his counsel of record Kenneth A. Reed (collectively, "defendants"), hereby stipulate as follows:

1.    The Indictment in this case was filed on June 3, 2025. (Dkt. No. 54.)  Defendants ARTUNI, AGOPIAN, HAZRYAN, STEPANYAN, KAZARYAN, BEZIK, MANUKYAN, and SEDANO first appeared on a criminal complaint on May 20, 2025.  (Dkt. Nos. 7, 8, 9, 14, 19, 25, 31.) They were arraigned on June 9, 2025.  (Dkt. Nos. 72-79.)  Under the Speedy Trial Act, 18 U.S.C. § 3161, their trial was originally required to commence on or before August 12, 2025.  After being transferred from state custody, defendant LEVON ARAKELYAN first appeared on the Indictment on June 27, 2025, and was arraigned the same day.  (Dkt. Nos. 87, 104.)  For defendant ARAKELYAN, the Speedy Trial Act originally required that trial commence on or before September 5, 2025.

2.    On June 9, 2025, the Court set a trial date of July 29, 2025, and a status conference for July 18, 2025, for defendants ARTUNI, AGOPIAN, HAZRYAN, STEPANYAN, KAZARYAN, BEZIK, MANUKYAN, and SEDANO.  (Dkt. Nos. 72-79.)  On June 27, 2025, the Court set a trial date of August 19, 2025, and a status conference for August 8, 2025, for defendant ARAKELYAN.  (Dkt. No. 104.)

3.    On July 16, 2025, the Court continued the trial date for defendants ARTUNI, AGOPIAN, HAZRYAN, STEPANYAN, KAZARYAN, BEZIK,

MANUKYAN, and SEDANO to August 4, 2026, with a status conference on July 24, 2026.  (Dkt. No. 181.)

4.    On September 19, 2025, a First Superseding Indictment was filed as to defendants ARTUNI, AGOPIAN, HAZRYAN, STEPANYAN, KAZARYAN, BEZIK, MANUKYAN, and SEDANO.  (Dkt. No. 269.)

5.    On October 7, 2025, a Second Superseding Indictment ("SSI") was filed against all defendants, including GRIMALDI, AYALA, DE LA CRUZ, MARES, and GONZALEZ.  (Dkt. No. 248.)  Defendants GRIMALDI, AYALA, DE LA CRUZ, MARES, and GONZALEZ first appeared on a criminal complaint on September 30, 2025; defendant MARES appeared again on October 1, 2025 once she secured counsel.  (Dkt. Nos. 6, 13, 19, 26, 32, 33.)  Defendants GRIMALDI, AYALA, DE LA CRUZ, and GONZALEZ were arraigned on October 20, 2025.  (Dkt. Nos. 271, 273, 276, 277.)  Defendant MARES was arraigned on October 24, 2025.  (Dkt. No. 288.)  At each arraignment, the Court set a trial date of December 2, 2025, with a status conference on November 21, 2025.  (Dkt. Nos. 271, 273, 276, 277, 288.)  For these defendants, the Speedy Trial Act originally required that trial commence on or before December 16, 2025.

6.    On November 20, 2025, the Court continued the trial date for defendants GRIMALDI and DE LA CRUZ to August 4, 2026, with a status conference on July 24, 2026.  (Dkt. No. 434.)

7.    On December 5, 2025, the Court likewise continued the trial date for defendants AYALA, MARES, and GONZALEZ to August 4, 2026, with a status conference on July 24, 2026.  (Dkt. No. 452.)

8.    The parties estimate that trial in this matter will last approximately four to five weeks.  All defendants are joined for trial and a severance has not been granted.

4

9.   By this stipulation, defendants ARTUNI, AGOPIAN, HAZRYAN, STEPANYAN, KAZARYAN, BEZIK, SEDANO, GRIMALDI, DE LA CRUZ, MARES and GONZALEZ move to continue the trial date to June 15, 2027, and the status conference and motion hearing date to June 4, 2027.  This is the second request for a continuance.

10.   By this stipulation, the parties also request the following briefing schedule:

a.   Any pre-trial motions, including motions in limine, and notices required by Rules 12, 12.1, and 12.2 shall be filed by April 29, 2027.

b.   Oppositions to motions shall be filed by May 13, 2027, and replies, if any, shall be filed by May 20, 2027.

c.   Motions will be heard at the final status conference on June 4, 2027, at 8:30 a.m.

11.   Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.   Defendant ARTUNI is charged in this matter with violations of 18 U.S.C. § 1962(d): Racketeer Influenced and Corrupt Organizations Conspiracy (Count One); 18 U.S.C. §§ 1959(a)(1), (a)(3), (a)(5): Violent Crimes in Aid of Racketeering Activity (Counts Two through Eighteen); 18 U.S.C. § 1958(a): Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire (Count Twenty); 18 U.S.C. § 371: Conspiracy to Commit Theft from Interstate and Foreign Shipments (Count Twenty-Two); 18 U.S.C. § 371: Conspiracy to Commit Marriage Fraud and Fraud and Misuse of Visas, Permits, and Other Documents (Count Fifty-Nine); 18 U.S.C. § 924(j)(1): Use and Discharge of a Firearm During and in Relation to a Crime of Violence

Resulting in Death (Count Twenty-Nine); 18 U.S.C. §§ 924(c)(1)(A)(i), (iii): Possession, Use, Carrying, and Discharge of Firearms in Furtherance of, and During and in Relation to, Crimes of Violence (Counts Thirty through Thirty-Five, Thirty-Six A through Thirty-Eight A, Thirty-Six B through Thirty-Eight B, and Thirty-Nine through Forty-Seven); 18 U.S.C. § 1546(a): Fraud and Misuse of Visas, Permits, and Other Documents (Count Sixty); and 8 U.S.C. § 1325(c): Marriage Fraud (Count Sixty-One).  Defendant ARTUNI is detained pending trial.

b.    Defendant AGOPIAN is charged in this matter with violations of 18 U.S.C. § 1962(d): Racketeer Influenced and Corrupt Organizations Conspiracy (Count One); 18 U.S.C. §§ 1959(a)(3), (a)(5): Violent Crimes in Aid of Racketeering Activity (Counts Eight through Eleven); 18 U.S.C. § 1349: Conspiracy to Commit Wire Fraud and Bank Fraud (Count Twenty-One); 18 U.S.C. § 371: Conspiracy to Commit Theft from Interstate and Foreign Shipments (Count Twenty-Two); 18 U.S.C. § 371: Conspiracy to Commit Marriage Fraud and Fraud and Misuse of Visas, Permits, and Other Documents (Count Fifty-Nine); 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition (Count Twenty-Six); 18 U.S.C. §§ 924(c)(1)(A)(i), (iii): Possession, Use, Carrying, and Discharge of Firearms in Furtherance of, and During and in Relation to, Crimes of Violence (Counts Thirty-Six A through Thirty-Eight A, Thirty-Six B through Thirty-Eight B, Thirty-Nine, and Forty); 18 U.S.C. § 1546(a): Fraud and Misuse of Visas, Permits, and Other Documents (Count Sixty); and 8 U.S.C. § 1325(c): Marriage Fraud (Count Sixty-One).  Defendant AGOPIAN is detained pending trial.

6

c.    Defendant HAZRYAN is charged in this matter with violations of 18 U.S.C. § 1962(d): Racketeer Influenced and Corrupt Organizations Conspiracy (Count One); 18 U.S.C. §§ 1959(a)(3), (a)(5): Violent Crimes in Aid of Racketeering Activity (Counts Five through Thirteen); 18 U.S.C. § 1349: Conspiracy to Commit Wire Fraud and Bank Fraud (Count Twenty-One); and 18 U.S.C. §§ 924(c)(1)(A)(i), (iii): Possession, Use, Carrying, and Discharge of Firearms in Furtherance of, and During and in Relation to, Crimes of Violence (Counts Thirty through Thirty-Five, Thirty-Six A through Thirty-Eight A, Thirty-Six B through Thirty-Eight B, and Thirty-Nine through Forty-Two).  Defendant HAZRYAN is detained pending trial.

d.    Defendant STEPANYAN is charged in this matter with violations of 18 U.S.C. § 1962(d): Racketeer Influenced and Corrupt Organizations Conspiracy (Count One); 18 U.S.C. §§ 1959(a)(1), (a)(3), (a)(5): Violent Crimes in Aid of Racketeering Activity (Counts Two through Eighteen); 18 U.S.C. § 1958(a): Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire (Counts Nineteen and Twenty); 18 U.S.C. § 1349: Conspiracy to Commit Wire Fraud and Bank Fraud (Count Twenty-One); 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition (Count Twenty-Three); 18 U.S.C. § 922(o)(1): Possession of Machineguns (Count Twenty-Eight); 18 U.S.C. § 924(j)(1): Use and Discharge of a Firearm During and in Relation to a Crime of Violence Resulting in Death (Count Twenty-Nine); 18 U.S.C. §§ 924(c)(1)(A)(i), (iii): Possession, Use, Carrying, and Discharge of Firearms in Furtherance of, and During and in Relation to, Crimes of Violence (Counts Thirty through Thirty-Five, Thirty-Six A through Thirty-Eight A, Thirty-Six B through Thirty-Eight B, and Thirty-Nine through Forty-Seven); 26 U.S.C. §

7

5861(d): Possession of Unregistered Firearms (Counts Forty-Eight through Fifty-Three); and 26 U.S.C. § 5861(i): Possession of Firearms Not Identified by a Serial Number (Counts Fifty-Four through Fifty-Eight).  Defendant STEPANYAN is detained pending trial.

e.   Defendant KAZARYAN is charged in this matter with violations of 18 U.S.C. § 1962(d): Racketeer Influenced and Corrupt Organizations Conspiracy (Count One) and 18 U.S.C. § 371: Conspiracy to Commit Theft from Interstate and Foreign Shipments (Count Twenty-Two).  Defendant KAZARYAN is detained pending trial.

f.   Defendant BEZIK is charged in this matter with violations of 18 U.S.C. § 1962(d): Racketeer Influenced and Corrupt Organizations Conspiracy (Count One); 18 U.S.C. § 1349: Conspiracy to Commit Wire Fraud and Bank Fraud (Count Twenty-One); and 18 U.S.C. § 371: Conspiracy to Commit Theft from Interstate and Foreign Shipments (Count Twenty-Two).  Defendant BEZIK is detained pending trial.

g.   Defendant ARAKELYAN is charged in this matter with violations of 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms (Count Twenty-Five) and 18 U.S.C. § 922(g)(5)(A): Alien Illegally and Unlawfully in the United States in Possession of Firearms (Count Twenty-Seven).  Defendant ARAKELYAN is on bond pending trial.

h.   Defendant SEDANO is charged in this matter with violations of 18 U.S.C. § 1962(d): Racketeer Influenced and Corrupt Organizations Conspiracy (Count One); 18 U.S.C. §§ 1959(a)(3), (a)(5): Violent Crimes in Aid of Racketeering Activity (Counts Five through Seven); 18 U.S.C. § 1349: Conspiracy to Commit Wire Fraud and Bank Fraud (Count Twenty-One); 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition (Count Twenty-Three); 18 U.S.C. § 922(o)(1): Possession of Machineguns (Count Twenty-Eight); 18

8

U.S.C. §§ 924(c)(1)(A)(i), (iii): Possession, Use, Carrying, and Discharge of Firearms in Furtherance of, and During and in Relation to, Crimes of Violence (Counts Thirty through Thirty-Five, Thirty-Six A through Thirty-Eight A, Thirty-Six B through Thirty-Eight B, Thirty-Nine, and Forty); 26 U.S.C. § 5861(d): Possession of Unregistered Firearms (Counts Forty-Eight through Fifty-Three); and 26 U.S.C. § 5861(i): Possession of Firearms Not Identified by a Serial Number (Counts Fifty-Four through Fifty-Eight).  Defendant SEDANO is detained pending trial.

i.    Defendant GRIMALDI is charged in this matter with violations of 18 U.S.C. § 1962(d): Racketeer Influenced and Corrupt Organizations Conspiracy (Count One); 18 U.S.C. §§ 1959(a)(3), (a)(5): Violent Crimes in Aid of Racketeering Activity (Counts Fourteen through Eighteen); 18 U.S.C. § 1958(a): Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire (Counts Nineteen and Twenty); and 18 U.S.C. §§ 924(c)(1)(A)(i), (iii): Possession, Use, Carrying, and Discharge of Firearms in Furtherance of, and During and in Relation to, Crimes of Violence (Counts Forty-Three through Forty-Seven).  Defendant GRIMALDI is detained pending trial.

j.    Defendant AYALA is charged in this matter with violations of 18 U.S.C. § 1962(d): Racketeer Influenced and Corrupt Organizations Conspiracy (Count One); 18 U.S.C. §§ 1959(a)(3), (a)(5): Violent Crimes in Aid of Racketeering Activity (Counts Fourteen through Eighteen); and 18 U.S.C. § 1958(a): Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire (Counts Nineteen and Twenty).  Defendant AYALA is detained pending trial.

9

k.    Defendant DE LA CRUZ is charged in this matter with violations of 18 U.S.C. § 1962(d): Racketeer Influenced and Corrupt Organizations Conspiracy (Count One); 18 U.S.C. §§ 1959(a)(3), (a)(5): Violent Crimes in Aid of Racketeering Activity (Counts Eight through Eleven and Fourteen through Eighteen); 18 U.S.C. § 1958(a): Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire (Counts Nineteen and Twenty); and 18 U.S.C. §§ 924(c)(1)(A)(i), (iii): Possession, Use, Carrying, and Discharge of Firearms in Furtherance of, and During and in Relation to, Crimes of Violence (Counts Thirty-Six A through Thirty-Eight A, Thirty-Six B through Thirty-Eight B, Thirty-Nine, Forty, and Forty-Three through Forty-Seven).  Defendant DE LA CRUZ is detained pending trial.

l.    Defendant MARES is charged in this matter with violations of 18 U.S.C. § 1962(d): Racketeer Influenced and Corrupt Organizations Conspiracy (Count One); 18 U.S.C. §§ 1959(a)(3), (a)(5): Violent Crimes in Aid of Racketeering Activity (Counts Fourteen through Eighteen); 18 U.S.C. § 1958(a): Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire (Counts Nineteen and Twenty); and 18 U.S.C. §§ 924(c)(1)(A)(i), (iii): Possession, Use, Carrying, and Discharge of Firearms in Furtherance of, and During and in Relation to, Crimes of Violence (Counts Forty-Three through Forty-Seven).  Defendant MARES is detained pending trial.

m.    Defendant GONZALEZ is charged in this matter with violations of 18 U.S.C. § 1962(d): Racketeer Influenced and Corrupt Organizations Conspiracy (Count One); 18 U.S.C. §§ 1959(a)(3), (a)(5): Violent Crimes in Aid of Racketeering Activity (Counts Eight through Eleven); and 18 U.S.C. §§ 924(c)(1)(A)(i), (iii): Possession,

10

Use, Carrying, and Discharge of Firearms in Furtherance of, and During and in Relation to, Crimes of Violence (Counts Thirty-Six A through Thirty-Eight A, Thirty-Six B through Thirty-Eight B, Thirty-Nine, and Forty).  Defendant GONZALEZ is detained pending trial.

n.    Terabytes of discovery remain outstanding and will be produced to the defense on a rolling basis.  This outstanding discovery includes, among other items, additional law enforcement reports, videos and audio recordings, some of which are in a foreign language, and thus, will require translation, as well as digital device data, much of which will also require translation to English.  Given that this is a multi-defendant case where there exist allegations of multiple crimes of violence, discovery productions will need to be specifically tailored, and thus, the production process will be that much more onerous.

o.    Due to the nature of the prosecution and the number of defendants, including the charges in the indictment and the voluminous discovery that will need to be produced to defendants, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.  In addition, one defendant has yet to arrive in the Central District of California to face prosecution.

p.    Defense counsel has the following scheduling conflicts listed in Exhibit A.

q.    Counsel represents that they will not have the time that they believe is necessary to prepare.

r.    In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with

11

defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

s.    Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

t.    The government does not object to the continuance.

u.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

12.  For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of June 18, 2026, to June 15, 2027, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice;

(iii) the case is so unusual and so complex, due to the nature of the prosecution and the number of defendants, one of whom who has yet to arrive in this district, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

13.  Defendants ARAKELYAN and AYALA object to continuing the trial in this matter.  Defendant AYALA's counsel, John Targowski, seeks a continuance over defendant AYALA's objection.  Nonetheless, the stipulating parties agree that, pursuant to 18 U.S.C. § 3161(h)(6), the time period of June 18, 2026, to June 15, 2027, constitutes a reasonable period of delay for all defendants, who are joined for trial with all co-defendants as to whom the time for trial has not run and no motion for severance has been granted.  The government notes that case law supports the exclusion of time for a reasonable period where some defendants consent to exclusion and others do not -- as is the case here.  See United States v. Butz, 982 F.2d 1378, 1381 (9th Cir. 1993); United States v. Dutkel, 914 F.2d 264, 1990 WL 127618, at *2 (9th Cir. Sept. 6, 1990); e.g., United States v. Ramirez et al., No. 5:24-cr-140-SB, Dkts. 52, 53 (granting continuance of trial date and exclusion of time where certain defendants stipulated to the continuance and one did not); United States v. O'Donovan et al., 2:23-cr-628-DMG, Dkts. 77, 78 (same); United States v. Gutierrez et al., No. 2:23-cr-197(A)-SB, Dkts. 48, 49 (same); United States v. Navarro et al., No. 2:22-cr-340-AB, Dkts.

13

31, 32 (same); United States v. Camargo-Lopez et al., 2:21-cr-501-DSF, Dkts. 169, 170) (same); United States v. Laron Taylor et al., No. 5:20-cr-75-JAK, Dkts. 296, 306 (same); United States v. Pagan, No. 14-cr-684-CAS, 2016 WL 5508779, at *2-3 (C.D. Cal. 2016) (same).

14.  Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: June 18, 2026                    Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

Jennifer L. Waier
Chief Assistant United States
Attorney &
Chief, Criminal Division


     /s/
ERIC L. MACKIE
LYNDSI ALLSOP
MATTHEW J. TAKO

Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

14

## DEFENDANT ARTUNI CERTIFICATIONS

I am ARA ARTUNI's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than June 15, 2027, is an informed and voluntary one.

_____     Date 6/17/26
SHAUN KHOJAYAN
Attorney for Defendant
ARA ARTUNI


I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date and give up my right to be brought to trial earlier than June 15, 2027.

X _____     Date Jun/12/26
ARA ARTUNI
Defendant

15

**DEFENDANT AGOPIAN CERTIFICATIONS**

I am ALEX AGOPIAN's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than June 15, 2027, is an informed and voluntary one.

_____     June 12, 2026
DANIEL A. NARDONI                    Date
Attorney for Defendant
ALEX AGOPIAN


I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date and give up my right to be brought to trial earlier than June 15, 2027.

_____     June 12, 2026
ALEX AGOPIAN                         Date
Defendant

16

## **DECLARATION OF CRAIG A. HARBAUGH**

I, Craig A. Harbaugh, hereby state and declare as follows:

1.     I am counsel of record for defendant Davit Hazryan in the above-captioned matter, *United States v. Artuni, et al*, No. 25-CR-434-JLS. I submit this declaration in lieu of Mr. Hazryan's original signature on the parties' Stipulation Regarding Request for Continuance of Trial Date and Findings of Excludable Time Periods Pursuant to Speedy Trial Act, so that the stipulation may be filed without delay on behalf of all stipulating defendants.

2.     The Court requires the defendant's original signature on the stipulation. Mr. Hazryan is housed at the California City Correctional Facility, more than 120 miles away. Obtaining Mr. Hazryan's original signature in person requires a roundtrip of approximately four and one-half hours. Given counsel's schedule, it was not possible to make that trip to obtain Mr. Hazryan's original signature before the stipulation needed to be filed on behalf of the group of defendants.

3.     On or about June 11, 2026, I met with Mr. Hazryan by video conference. During that meeting, I explained to Mr. Hazryan his right to a speedy trial and the need to continue the trial date to June 2027. Mr. Hazryan agreed to waive his speedy trial right and to proceed to trial in June 2027.

4.     The defense will provide Mr. Hazryan's signed copy of the stipulation bearing his original signature as soon as practical.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 18, 2026, in Los Angeles, California.

*/s/ Craig A. Harbaugh*____
Craig A. Harbaugh

DEFENDANT STEPANYAN CERTIFICATIONS

I am VAHAGN STEPANYAN's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than June 15, 2027, is an informed and voluntary one.

_____          _06|11|2026_____
JERRY KAPLAN                                          Date
Attorney for Defendant
VAHAGN STEPANYAN

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date and give up my right to be brought to trial earlier than June 15, 2027.

_____          _6/18/26_____
VAHAGN STEPANYAN                                      Date
Defendant

18

**DEFENDANT KAZARYAN CERTIFICATIONS**

I am ARVIN ALBERT KAZARYAN's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than June 15, 2027, is an informed and voluntary one.

_____          6/11/2026
ADAM MATTHEW KOPPEKIN               Date
Attorney for Defendant
ARVIN ALBERT KAZARYAN


I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date and give up my right to be brought to trial earlier than June 15, 2027.

_____          June 11, 2026
ARVIN ALBERT KAZARYAN               Date
Defendant

19

## DECLARATION OF JOHN D. ROBERTSON

I, John D. Robertson, do hereby declare and state as follows:

1. I, John D. Robertson, am the attorney appointed pursuant to the Criminal Justice Act to represent Defendant Areg Bezik in the case of United States v. Artuni, et al, Case Number CR 25-434-JLS-6.

2. I make this declaration in support of the Stipulation Regarding Request for Continuance of Trial Date and Findings of Excludable Time Periods Pursuant to Speedy Trial Act, for an Order continuing the trial date to June 15, 2027.

3. Defendant Areg Bezik is currently incarcerated at the California City Detention Facility, located at 22844 Virginia Blvd, California City, CA 93505.

4. I am unable to meet face to face with my client before June 19. However, I have telephonically spoken to my client about the Stipulation and its terms. My client understands the Stipulation, understands his Speedy Trial Rights, and voluntarily agrees to the continuance of the trial date and gives up his right to be brought to trial earlier than June 15, 2027.

5. I had sent the Stipulation by Fedex overnight mail to Defendant at the California City Detention Facility on Friday, June 12, 2026. Despite the fact that the overnight mail was delivered the next day to the institution, in my follow up with the institution they assured me that they were actually going to deliver the Stipulation to Defendant yesterday (June 17, 2026), who will immediately send the signed copy back to me. Thus, I anticipate submitting the signature very shortly, and no later than June 25, 2026.

I declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge and belief.

Date: June 18, 2026                    /S/ John D. Robertson_____

JOHN D. ROBERTSON, ESQ.
Attorney for Defendant
Areg Bezik

1

**DEFENDANT BEZIK CERTIFICATIONS**

I am AREG BEZIK's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client.  I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than June 15, 2027, is an informed and voluntary one.

_____    6/18/26
JOHN D. ROBERTSON                    Date
Attorney for Defendant
AREG BEZIK


I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date and give up my right to be brought to trial earlier than June 15, 2027.


_____    _____
AREG BEZIK                           Date
Defendant

20

## DECLARATION OF PETER JOHNSON

I, PETER JOHNSON, hereby state and declare as follows:

1. I am an attorney licensed to practice law in the State of California and before the United States District Court for the Central District of California.

2. I was appointed by this Court to represent Defendant Christian Sedano in *United States v. Ara Artuni, et al.*, Case No. 2:25-cr-00434(B)-JLS.

3. Mr. Sedano is presently in pretrial custody at the San Bernardino County Jail.

4. Because of the distance between the San Bernardino County Jail and my office and residence, I will not be able to meet with Mr. Sedano in person until June 19, 2026.

5. I have spoken with Mr. Sedano by telephone on two occasions regarding the proposed continuance of the trial date.

6. During those conversations, I addressed the proposed continuance with Mr. Sedano. However, I did not specifically obtain or confirm his consent to continue the trial.

7. Although I do not believe that Mr. Sedano will object to the requested continuance, I cannot represent that he affirmatively agrees to the continuance without first thoroughly reviewing the proposed stipulation with him and fully explaining his rights.

8. Based on my review of the case and the circumstances presented, I believe that the requested continuance is appropriate and warranted.

Declaration of Peter Johnson
Page **1** of **2**

9.  I am available on the date to which the parties have agreed to continue the trial.

I declare under penalty of perjury under the law of the United States and the State of California that the above is true and correct to the best of my knowledge and belief.

DATED: June 18, 2026                         Respectfully submitted,

                                             By: _____/s/_____
                                             PETER JOHNSON

**DEFENDANT GRIMALDI CERTIFICATIONS**

I am CARLOS ARMANDO OCHOA GRIMALDI's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client.  I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than June 15, 2027, is an informed and voluntary one.

_____     06/13/26
HUMBERTO DIAZ                        Date
Attorney for Defendant
CARLOS ARMANDO OCHOA GRIMALDI


I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date and give up my right to be brought to trial earlier than June 15, 2027.

_____     6/13/26
CARLOS ARMANDO OCHOA GRIMALDI        Date
Defendant

22

**DEFENDANT DE LA CRUZ CERTIFICATIONS**

I am EDIR DE LA CRUZ's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than June 15, 2027, is an informed and voluntary one.

_____     _6/15/26_____
ANDREW S. COWAN                      Date
Attorney for Defendant
EDIR DE LA CRUZ

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date and give up my right to be brought to trial earlier than June 15, 2027.

_____     _6/15/26_____
EDIR DE LA CRUZ                      Date
Defendant

23

## DEFENDANT MARES CERTIFICATIONS

I am MARIA MARES's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client.  I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than June 15, 2027, is an informed and voluntary one.

_____    6/16/26
ANDRE TOWNSEND                Date
Attorney for Defendant
MARIA MARES


I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date and give up my right to be brought to trial earlier than June 15, 2027.

_____    06-16-2026
MARIA MARES                  Date
Defendant

24

**DEFENDANT GONZALEZ, JR. CERTIFICATIONS**

I am JOSE DE JESUS GONZALEZ, JR.'s attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than June 15, 2027, is an informed and voluntary one.

_____          6/14/26
KENNETH A REED                          Date
Attorney for Defendant
JOSE DE JESUS GONZALEZ, JR.


I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date and give up my right to be brought to trial earlier than June 15, 2027.

_____          6/14/26
JOSE DE JESUS GONZALEZ, JR.             Date
Defendant

**EXHIBIT A**

**TRIAL CONFLICTS OF DEFENSE COUNSEL**

Mr. Khojayan, defendant ARTUNI's attorney of record, is presently scheduled to be in the following trials:  (1) United States v. Munoz, et al., No. 2:15-cr-00688-DSF, in the Central District of California, a multi-defendant drug trafficking case in which counsel represents defendant Juan Lopez, which is currently set for trial on August 25, 2026, has had two prior continuances, is likely to be continued again because discovery is incomplete, and is estimated to last one week;  (2) United States v. Nania, et al., No. 2:25-cr-00840-MEMF, in the Central District of California, a multi-defendant drug trafficking case in which counsel represents the second-named defendant, Salvador Perez, which is currently set for trial on January 19, 2027, is likely to be continued because discovery is incomplete, and is estimated to last one month;  (3) United States v. Sanchez, et al., No. 2:25-cr-01032-MWF, in the Central District of California, a seventeen-defendant drug and firearm trafficking case in which counsel represents the lead defendant, Victor Sanchez, who faces thirty-one counts, which is currently set for trial on March 9, 2027, and is estimated to last at least one month; and  (4) United States v. Cardona, No. 2:26-cr-00142-SPG, in the Central District of California, a real estate fraud case,

which is currently set for trial on March 16, 2027, and is estimated to last two weeks.

Ms. Mines, co-counsel of record for defendant ARTUNI, is presently scheduled to be in, or anticipates being in, the following trials and proceedings:  (1) United States v. Henley, et al., No. 2:25-cr-00211-FLA, in the Central District of California, a multi-count case charging racketeering conspiracy including an allegation of murder, conspiracy to interfere with commerce by robbery and extortion, wire fraud, bank fraud, and related offenses, which is currently set for trial on February 16, 2027, has had two prior continuances, as to which the parties are preparing and intend to proceed on the current date, and is estimated to last twelve days;  (2) People v. Knight, California Supreme Court Case No. S295486, a habeas corpus proceeding in which oral argument is anticipated in July 2026 and the timing of any further proceedings, including any remand hearing or new trial, is controlled by the court;  (3) In re Castro, No. F090963, in the California Court of Appeal, an active habeas corpus proceeding in which the timing of any further proceedings, including the remand the court has ordered, is controlled by the court;  (4) People v. Jimenez, Superior Court Case No. BA446047, with a status conference set for June 5, 2026, and a hearing set for July 30, 2026;  (5) People v.

Young, Superior Court Case No. BA411151-01, with a hearing set for June 8, 2026;  (6) People v. Pina, Superior Court Case No. NA352024-01, with hearings set for June 8, 2026, and July 13, 2026;  (7) People v. Knight, Superior Court Case No. TA136401, with a hearing set for July 20, 2026;  (8) People v. Shorty, Superior Court Case No. TA136164;  (9) People v. Hughes, Superior Court Case No. BA437169;  (10) People v. Marquez, Superior Court Case No. BA217941;  (11) People v. Foreman, Superior Court Case No. BA414792;  (12) People v. Harvey, Superior Court Case No. BA384162;  (13) People v. Martinez, Superior Court Case No. MA057543-02;  (14) Howard v. Grocery Outlet Inc., No. 24NNCV00718, in the Superior Court of California, a civil matter with a case management conference set for July 2, 2026, and a trial date to be set;  (15) Colunga v. Victor Valley Union High School District, No. CIVVS2507968, with a trial setting conference on June 15, 2026;  (16) Nava v. Ortiz Silva, No. 25STPT03182, a civil proceeding with a hearing set for August 14, 2026;  (17) In re Ephriam, No. 25STPB11381, a probate proceeding with a hearing set for July 23, 2026; and (18) In re Mangiliman, No. 25STPB13438, a probate proceeding with a hearing set for July 24, 2026.  The post-conviction habeas matters identified above are subject to court-controlled scheduling and statutory timelines, such that additional hearing dates exist but are presently unknown.

Mr. Nardoni, defendant AGOPIAN's attorney of record, is presently scheduled to be in the following trials:  (1) United States v. Wertz, No. 2:25-cr-00840-MEMF, in the Central District of California, a fourteen-defendant complex case in which the defendant is charged with racketeering, conspiracy to distribute controlled substances, and firearms offenses, which is currently set for trial on June 29, 2026, is the subject of a stipulation awaiting the court's approval to continue trial to January 18, 2027, and is anticipated to last twenty days or more;  (2) United States v. Jaramillo, No. 2:23-cr-00411-HDV, in the Central District of California, a nineteen-defendant complex case in which the defendant is charged with racketeering and violent crimes in aid of racketeering, multiple counts of distribution of controlled substances, conspiracy to distribute controlled substances, and firearms offenses, amounting to thirteen criminal charges in total, which is currently set for trial on November 3, 2026, and for which counsel, having been recently appointed in 2026 and facing massive discovery, will seek a continuance to mid-to-late 2027, with trial anticipated to last thirty days or more;  (3) United States v. Hartoonian, No. 2:25-cr-00527-CAS, in the Central District of California, a six-defendant case in which the defendant is charged with conspiracy to commit mail theft, theft of government property in excess of $1,000, possession of fifteen or more access devices,

and aggravated identity theft, which is currently set for trial on September 22, 2026, and is expected to last seven days;  (4) People v. Mulkey, No. BA512691, in the Los Angeles Superior Court, Central District, Department 116, a murder case currently set for trial on June 22, 2026, which will be continued to mid-to-late July 2026, and is expected to last two to three weeks; (5) People v. Enamoradorivera, et al., in the Los Angeles Superior Court, Central District, Department 112, a two-defendant case charging one count of murder, for which no trial date has been set but which is expected to go to trial in August 2026 and to last two weeks;  (6) People v. Rodriguez, No. 24CJCF00869, in the Los Angeles Superior Court, Central District, Department 103, a case charging two counts of murder with special circumstances, for which no trial date has been set but which is anticipated to go to trial in late 2026 or sometime in 2027 and to last four to five weeks; and  (7) People v. Lopez-Romero, No. BA454374, in the Los Angeles Superior Court, Central District, Department 101, a case charging thirteen counts of murder with special circumstances and one count of arson, for which no trial date has been set but which is anticipated to go to trial in 2027 and to last four to five weeks.

Mr. Harbaugh, defendant HAZRYAN's attorney of record, is presently scheduled to be in the following trials:  (1) United States v. Banks, et al., No. 2:24-cr-00621(B)-MWF, in the Central District of California, a multi-defendant racketeering conspiracy case that includes an allegation of murder-for-hire resulting in death and in which Mr. Wilson is a codefendant, currently set for trial on August 20, 2026, with a pretrial conference on July 27, 2026, which has had two prior continuances and as to which the parties are preparing for trial and intend to proceed on the current date, although the government has indicated that it will file a superseding indictment on or about June 3, 2026, adding an additional murder and attempted murder allegation, including a violent-crime-in-aid-of-racketeering charge, which may result in a further continuance, with trial currently estimated to last two to three weeks;  (2) United States v. Pulido, No. 5:25-cr-00147-FLA, in the Central District of California, a single-defendant case charging violent crime in aid of racketeering (murder), violent crime in aid of racketeering (assault resulting in serious bodily injury), use, carrying, and discharge of a firearm in furtherance of a crime of violence resulting in death, and felon in possession of a firearm and ammunition, currently set for trial on January 26, 2027, with a pretrial conference on January 8, 2027, which has had one prior continuance and as to which the

parties are preparing for trial and intend to proceed on the current date, with trial estimated to last five to seven court days;  (3) United States v. Henley, et al., No. 2:25-cr-00211-FLA, in the Central District of California, a seven-defendant racketeering conspiracy case that also alleges Hobbs Act robbery and extortion conspiracy, transportation of an individual in interstate commerce for prostitution, wire fraud, embezzlement, conversion, and intentional misapplication of funds from an organization receiving federal funds, bank fraud, tax evasion, and willful failure to file a tax return, currently set for trial on February 16, 2027, with a pretrial conference on February 3, 2027, which has had one prior continuance and as to which the parties are preparing for trial and intend to proceed on the current date, with trial estimated to last twelve days; (4) United States v. Luna, No. 2:22-cr-00312-MWF, in the Central District of California, originally a multi-defendant racketeering conspiracy, Hobbs Act robbery, drug trafficking, and firearms case in which Mr. Luna is presently the only defendant set for trial, currently set for trial on April 13, 2027, which has had multiple prior continuances and as to which the parties are preparing for trial and intend to proceed on the current date, with trial estimated to last approximately three and a half weeks; and  (5) United States v. Aguilar, et al., No. 2:25-cr-00413-AB, in the Central District of California, a

three-defendant capital case charging murder in aid of racketeering, conspiracy to retaliate against a witness, and retaliation against a witness, in which the Attorney General has authorized the United States Attorney for the Central District of California to seek the death penalty and in which Mr. Urias is a codefendant, currently set for trial on October 12, 2027, with a status conference on October 30, 2026, which has had one prior continuance, with trial estimated to last three weeks.

Mr. Kaplan, defendant STEPANYAN's attorney of record, has no current trial conflicts.

Mr. Koppekin, defendant KAZARYAN's attorney of record, is presently scheduled to be in the following trials:  (1) People v. McGee, No. 22CF2871, in Orange County, a single-defendant driving-under-the-influence case currently set for trial on July 23, 2029, estimated to last one to two weeks;  (2) People v. Gomez, No. KA134154, in Los Angeles County, a multi-defendant assault-with-a-semiautomatic-firearm case currently set for trial on August 5, 2026, which will likely be continued and begin trial in September 2026, estimated to last two to three weeks; and  (3) People v. Powell, No. 24CMCF00368, in Los Angeles County, a multi-defendant murder case currently set for trial on August 24, 2026, which will likely be continued and

begin trial in October or November 2026, estimated to last four to five weeks.

Mr. Robertson, defendant BEZIK's attorney of record, is presently scheduled to be in the following trials:  (1) United States v. Palucha, et al., No. 2:26-cr-00351-AB, in the Central District of California, a case involving distribution of fentanyl in which the defendant is in custody, currently set for trial on October 13, 2026, which has been continued once with no further continuances expected, and is expected to last two days; (2) United States v. Zoltan, et al., No. 8:26-cr-00014-JWH, in the Central District of California, a case involving conspiracy to distribute and possess with intent to distribute controlled substances with numerous codefendants, in which the defendant is released on bail, currently set for trial on December 6, 2027, which has been continued once with no further continuances expected, and is expected to last ninety days;  (3) United States v. Henley, et al., No. 2:25-cr-00211-FLA, in the Central District of California, a case involving transportation of individuals in interstate commerce with intent that they engage in prostitution, with multiple codefendants, in which the defendant is released on bail, currently set for trial on February 16, 2027, which has been continued twice with no further continuances expected, and is expected to last three

weeks; and   (4) United States v. Armstead, et al., No. 2:25-cr-00651-JFW, in the Central District of California, a complex case charging racketeering, racketeering conspiracy, sex trafficking by force, fraud, or coercion, drug trafficking conspiracy, and money laundering, with multiple codefendants, in which the defendant is in custody, currently set for trial on March 18, 2027, which has been continued once with no further continuances expected, and is expected to last fourteen days.

Mr. Johnson, defendant SEDANO's attorney of record, is presently scheduled to be in the following trials:  (1) United States v. Anthony, et al., No. 5:23-cr-00084-DMG, in the Central District of California, a single-defendant jury trial in which counsel represents defendant Lee Anthony, set for trial on August 18, 2026, and estimated to last one week;  (2) United States v. Haviland, et al., No. 2:24-cr-00570-WLH, in the Central District of California, a multi-defendant jury trial in which counsel represents defendant Donald Cunningham, set for trial on September 14, 2026, and estimated to last three weeks; (3) Cooper v. Allen, et al., No. 22STCV23823, in the Superior Court of California, County of Los Angeles, a multi-defendant jury trial in which counsel represents plaintiff Monique Cooper, set for trial on September 28, 2026, and estimated to last one week;  (4) United States v. Gershman, et al., No. 2:25-cr-00595-

MCS, in the Central District of California, a multi-defendant jury trial in which counsel represents defendant Arthur Kats, set for trial on November 17, 2026, and estimated to last one week;  (5) United States v. Martinez-Reyes, et al., No. 2:23-cr-00258-DMG, in the Central District of California, a multi-defendant jury trial in which counsel represents defendant Julio Cabrera, set for trial on December 8, 2026, and estimated to last five days; and  (6) United States v. Henley, et al., No. 2:25-cr-00211-FLA, in the Central District of California, a multi-defendant jury trial in which counsel represents defendant Eugene Henley, set for trial on February 16, 2027, and estimated to last four weeks.

Mr. Diaz, defendant GRIMALDI's attorney of record, is presently scheduled to be in the following trials:  (1) United States v. Barocio (Laredo), No. 2:18-cr-00892-AB, in the Central District of California, a multi-defendant RICO conspiracy and drug conspiracy case currently set for trial on June 9, 2026, which is to be continued, estimated to last twenty days;  (2) United States v. Giacco, No. 2:25-cr-00840-MEMF, in the Central District of California, a RICO conspiracy, drug conspiracy, and firearm (18 U.S.C. § 924(c)) case currently set for trial on June 29, 2026, as to which a stipulation to continue has been filed, estimated to last three to four weeks, or approximately

twenty trial days;  (3) United States v. Gomez, No. 2:25-cr-00754-FMO, in the Central District of California, a possession-with-intent-to-distribute-opium case currently set for trial on July 14, 2026, estimated to last three to four days;  (4) United States v. Caldera-Lara, No. 2:25-cr-00497-SPG, in the Central District of California, a drug conspiracy case currently set for trial on July 21, 2026;  (5) United States v. Minjares, No. 2:21-cr-00113-GW, in the Central District of California, a drug conspiracy case currently set for trial on August 11, 2026;  (6) United States v. Rodriguez, et al., No. 2:24-cr-00665-SVW, in the Central District of California, a multi-defendant continuing-criminal-enterprise, drug conspiracy, and money laundering case in which counsel represents defendant Lorna Martinez, currently set for trial on September 4, 2026;  (7) United States v. Baker, No. 2:24-cr-00570-WLH, in the Central District of California, a multi-defendant drug conspiracy case currently set for trial on September 14, 2026, estimated to last four to five weeks;  (8) United States v. Lai, No. 2:25-cr-01022-MWF, in the Central District of California, a destructive-devices and terrorism case currently set for trial on October 13, 2026, estimated to last five to six days;  (9) United States v. Young, No. 2:25-cr-00651-JFW, in the Central District of California, a complex case currently set for trial on October 20, 2026, estimated to last more than twelve days;  (10) United

States v. Ibragimov, No. 2:24-cr-00369-SPG, in the Central District of California, a multi-defendant RICO, drug conspiracy, and murder case currently set for trial on October 27, 2026, estimated to last three to four weeks;  (11) United States v. Casillas-Lopez (Ponce de Leon), No. 2:25-cr-00695-MWF, in the Central District of California, a multi-defendant drug conspiracy and firearm (18 U.S.C. § 924(c)) case currently set for trial on December 8, 2026, estimated to last three to four days;  (12) United States v. Martinez-Zavala, No. 2:19-cr-00043-GW, in the Central District of California, a money laundering conspiracy case currently set for trial on February 9, 2027, estimated to last five to six days; and  (13) United States v. Carmona (Sanchez), No. 2:25-cr-01032-MWF, in the Central District of California, a complex case currently set for trial on March 9, 2027, estimated to last fifteen to twenty days.

Mr. Targowski, defendant AYALA's attorney of record, is presently scheduled to be in the following trials:  (1) United States v. Martinez, et al., No. 8:22-cr-00034-FWS, in the Central District of California (Hon. Fred W. Slaughter), a multi-defendant racketeering, narcotics-conspiracy, and firearms case in which counsel represents defendant Robert Aguirre (charged in counts 1, 2, 9, 10, and 15), which has been designated a complex case requiring more than twelve days for

the government's case-in-chief, currently set for trial on August 4, 2026, which has been continued at least four times since its original September 27, 2022 setting, and remains the subject of active pretrial motion practice;  (2) United States v. Meza-Ortiz, et al., No. 2:23-cr-00653-DSF, in the Central District of California (Hon. Dale S. Fischer), a seventeen-defendant narcotics-conspiracy case in which counsel represents defendant Efren Quibrera Espinoza (charged in counts 2 and 11), currently set for trial on December 8, 2026, with a pretrial conference on November 16, 2026, which has been continued four times since its original April 2, 2024 setting; and  (3) United States v. Nania, et al., No. 2:25-cr-00840-MEMF, in the Central District of California (Hon. Maame Ewusi-Mensah Frimpong), a multi-defendant RICO and narcotics-conspiracy case designated complex and requiring more than twelve days for the government's case-in-chief, in which counsel represents defendant Victor Zepeda Rodriguez (charged in counts 1, 2, and 35), who is in custody, currently set for trial on January 19, 2027, with a final pretrial conference on January 6, 2027, which has been continued twice since its original December 8, 2025 setting.  In addition, counsel was recently appointed in United States v. Zoltan, et al., No. 8:26-cr-00014-JWH, in the Central District of California (Hon. John W. Holcomb), a forty-defendant complex case in which counsel represents defendant Kai Cannon (charged

in counts 2, 21, 22, 23, and 25), who is in custody following his arraignment on June 11, 2026, with an anticipated trial date of December 6.

Mr. Cowan, defendant DE LA CRUZ's attorney of record, is presently scheduled to be in the following trials:  (1) United States v. Martinez, et al., No. 8:22-cr-00034(A)-FWS, in the Central District of California (Hon. Fred W. Slaughter), a complex racketeering conspiracy case that has been continued multiple times, currently set to begin trial on August 4, 2026, such that counsel cannot proceed on that date, with the government expecting trial to last between two and three months; and  (2) United States v. Sanchez, No. 2:25-cr-01032-MWF, in the Central District of California (Hon. Michael W. Fitzgerald), a drug conspiracy case currently set for trial on March 9, 2027.

Mr. Townsend, defendant MARES's attorney of record, is presently scheduled to be in the following trial:  (1) United States v. Stewart, No. 2:25-cr-00497-SPG, in the Central District of California, a six-defendant drug conspiracy case in which counsel represents defendant Myles Stewart, currently set for trial on July 21, 2026, as to which a stipulation is in process to continue trial to January 26, 2027.

Mr. Reed, defendant GONZALEZ, JR.'s attorney of record, is presently scheduled to be in the following trials:  (1) United

States v. Beck, No. 2:23-cr-00616-ODW, in the Central District of California, a single-defendant case in which counsel represents defendant Michael Beck, currently set for trial on September 15, 2026, and estimated to last five to six days;  (2) United States v. Alvarado, No. 2:25-cr-00230-JWH, in the Central District of California, a single-defendant death-eligible federal homicide case in which counsel represents defendant Daniel Alvarado, currently set for trial on November 16, 2026, and estimated to last ten days;  (3) United States v. Nania, et al., No. 2:25-cr-00840-MEMF, in the Central District of California, a multi-defendant case in which counsel represents defendant Rene Balanzar, currently set for trial on January 19, 2027, and estimated to last ten days; and  (4) United States v. Henley, et al., No. 2:25-cr-00211-FLA, in the Central District of California, a multi-defendant case in which counsel represents defendant Tiffany Hines, currently set for trial on February 16, 2027, and estimated to last thirty days.